1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VALLEY FORGE LIFE INSURANCE
COMPANY

            Plaintiff,                                        No. C 06-6415 PJH

     v.                                                      **ORDER OF DISMISSAL**

DENA HULSE, an individual and as mother
an natural guardian of BRIAN HULSE, a
minor, and CAROL HULSE, an individual,

            Defendants.

_____/

15      Now before the court are: (1) defendant Dena Hulse's motion to dismiss; (2)

16   defendant Carol Hulse's motion for summary judgment; and (3) plaintiff Valley Forge Life

17   Insurance Company's ("Valley Forge") motion for discharge of stakeholder in the

18   interpleader action.  Having carefully reviewed the parties' papers and considered their

19   arguments and the relevant legal authority, and good cause appearing, the court hereby:

20   GRANTS Dena Hulse's motion to dismiss; DENIES Carol Hulse's motion for summary

21   judgment WITHOUT PREJUDICE to refiling the motion in the proper court; DEFERS ruling

22   on Valley Forge's motion for discharge of stakeholder; and DENIES all parties' requests for

23   fees and costs for the following reasons.

24                                            **BACKGROUND**

25      This case is an interpleader action.  On October 13, 2006, Valley Forge filed its

26   interpleader complaint alleging diversity jurisdiction and the following facts.  On November

27   13, 1998, Valley Forge issued a life insurance policy to Martin Hulse in the amount of

28   $300,000.  Mr. Hulse passed away in June 2006.  Dena Hulse, his first spouse, was the

1   primary beneficiary and Brian Hulse, their son, was the designated contingent beneficiary

2   when the policy was issued.  Complaint ¶¶ 7-8.

3        On February 10, 2001, a divorce judgment was entered in a family law proceeding

4   that pursuant to Martin and Dena Hulse's  marital settlement agreement, the term life

5   insurance policies' beneficiary would be Brian Hulse with the remaining parent as trustee

6   during his minority.  Id. ¶ 9.  On May 23, 2006, Martin Hulse executed a request for change

7   of beneficiary form, designating Brian as the beneficiary if he has reached the age of

8   majority, and Dena Hulse beneficiary for the benefit of Brian Hulse if he has not reached

9   age of majority.  Carol Hulse, Martin Hulse's spouse, executed the form on May 26, 2006.

10  Id. ¶ 10.

11       On June 8, 2006, Martin Hulse allegedly executed another change of beneficiary

12  form allocating proceeds of the policy as follows: 33% to Carol Hulse and 67% to Dena

13  Hulse on behalf of Brian Hulse.  Id. ¶ 12.  Dena Hulse claims all proceeds on behalf of her

14  son Brian Hulse pursuant to the marital settlement agreement.  Carol Hulse claims she is

15  entitled to 33% pursuant to the June 8, 2006 change of beneficiary form.  Id. ¶ 16.

16       Valley Forge does not claim any interest in the policy proceeds, and it has deposited

17  with the clerk of the court the sum of $303,271.51, representing the policy face amount,

18  plus refund of the premium, plus interest.  Id. ¶ 18.  Valley Forge filed its complaint seeking

19  defendants to interplead or settle between themselves their respective rights to the

20  proceeds due, and seeks costs of suit incurred therein to be paid out of the policy.

21       There are three motions pending.  Dena Hulse has moved to dismiss the action for

22  lack of subject matter jurisdiction on the basis that the federal district court lacks

23  jurisdiction, because the issue at bar involves an obligation imposed by a divorce decree.

24  She also seeks attorneys' fees.  Her motion is opposed by Carol Hulse and Valley Forge.

25  Carol Hulse has moved for summary judgment on the basis that she has a vested right to

26  1/3 of the life insurance policy benefits, and the policy was not a child support obligation of

27  Martin Hulse.  Dena Hulse opposes that motion.  Valley Forge has moved for discharge of

28  stakeholder pursuant to 28 U.S.C. § 2361, asking that it be discharged from further liability

1   to any defendants, discharged of further responsibility in the action, and the defendants be

2   enjoined from asserting claims against it regarding the life insurance policy at issue.  It

3   further applies for costs and reasonable attorneys' fees to be paid from the funds it

4   deposited with the clerk of the court.  Its motion is opposed by Carol Hulse and by Dena

5   Hulse.

6                                              **DISCUSSION**

7   **A.      Legal Standards**

8              1.      Motion to Dismiss for Lack of Subject Matter Jurisdiction

9              Under Rule 12(b)(1), plaintiff bears the burden of establishing subject matter

10  jurisdiction.  In effect, the court presumes lack of jurisdiction until the plaintiff proves

11  otherwise.  See Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873

12  F.2d 1221, 1225 (9th Cir. 1989).  A Rule 12(b)(1) jurisdictional attack may be facial or

13  factual.  In a facial attack, the challenger asserts that the allegations contained in a

14  complaint are insufficient on their face to invoke federal jurisdiction, and the court must

15  consider allegations of the complaint as true.  By contrast, in a factual attack, the

16  challenger disputes the truth of the allegations that, by themselves, would otherwise invoke

17  federal jurisdiction.  In resolving a factual attack on jurisdiction, the district court may review

18  evidence beyond the complaint without converting the motion to dismiss into a motion for

19  summary judgment.  The court then determines the facts for itself.  See Safe Air v. Meyer,

20  373 F.3d 1035, 1039 (9th Cir. 2004)

21          However, jurisdictional dismissals are only warranted "where the alleged claim under

22  the constitution or federal statutes clearly appears to be immaterial and made solely for the

23  purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and

24  frivolous."  Id. (citation omitted).

25          2.      Summary Judgment

26          Summary judgment shall be granted if "the pleadings, depositions, answers to

27  interrogatories, and admissions on file, together with the affidavits, if any, show that there is

28  no genuine issue as to any material fact and that the moving party is entitled to judgment

1  as a matter of law." FRCP 56(c).  Material facts are those which may affect the outcome of

2  the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to

3  a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

4  verdict for the nonmoving party.  Id.  The court must view the facts in the light most

5  favorable to the non-moving party and give it the benefit of all reasonable inferences to be

6  drawn from those facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

7  587 (1986).

8         3.     Discharge of Stakeholder

9       In a true interpleader action, the stakeholder does not claim ownership of the stake

10  and is discharged after the first stage of litigation when the court determines whether

11  interpleader is proper on the facts of the case.  Title 28 U.S.C. § 2361 authorizes a district

12  court to discharge the stakeholder in any civil interpleader action from further liability to

13  claimants.  Before discharging a stakeholder under § 2361, the court must first determine

14  whether the requirements of 28 U.S.C. § 1335 are met: there must be a fund greater than $

15  500; adverse claimants of diverse citizenship; a deposit of the fund in court; and a

16  disinterested stakeholder.  Mendez v. Teachers Ins. & Annuity Ass'n & College Retirement

17  Equities Fund, 982 F.2d 783, 787 (2d Cir. 1992).  The court may also delay or deny

18  discharge if it finds that the stakeholder acted in bad faith.  Id.

19       The court's authority to make an award of attorneys' fees to the disinterested

20  stakeholder is discretionary; there is no right for the stakeholder to recover costs and

21  attorneys' fees.  See 4-22 Moore's Federal Practice - Civil § 22.06 (2007).  Such

22  discretionary awards are upheld under the court's inherent equitable powers in interpleader

23  actions.  See Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir. 1984).

24  **B.**    **Dena Hulse's Motion**

25       Because Dena Hulse has moved to dismiss the entire action on the basis that this

26  court lacks jurisdiction, the court will address her motion first.  Dena Hulse argues that

27  Martin Hulse's obligation to name Brian Hulse as a beneficiary was an obligation imposed

28

4

1  by a divorce decree, and that consequently, the court lacks subject matter jurisdiction over

2  the case under the "domestic relations" exception.

3      The Sixth Circuit addressed the "domestic relations" exception in a case similar to

4  this one.  In <u>McLaughlin v. Cotner</u>, 193 F.3d 410, 414 (6th Cir. 1999), the spouses agreed

5  to sell the house they held in joint tenancy, and that agreement was incorporated in a

6  divorce decree.  <u>Id</u>. at 414.   When one spouse refused to sell, the other filed a federal

7  diversity action for breach of contract.  The action was dismissed for lack of subject matter

8  jurisdiction because the obligation to sell the house was imposed by the divorce decree;

9  therefore the "domestic relations exception" applied.  <u>Id</u>.  Because the breach of contract

10  claim was based on a separation agreement that was incorporated into the divorce decree,

11  the case "involve[d] issues arising out of conflict over a divorce decree" and came "within

12  the 'domestic relations exception'" to federal jurisdiction.  <u>Id</u>. at 413 (citing <u>Ankenbrandt v.</u>

13  <u>Richards</u>, 504 U.S. 689 (1992)).

14      Here too, Martin Hulse's obligation to name his son Brian Hulse as the beneficiary to

15  his life insurance policy was not an obligation imposed by contract, but was an obligation

16  imposed by the divorce decree.  <u>Id</u>. at 414.  <u>See also Bidwell v. Baker</u>, 2001 U.S. Dist.

17  LEXIS 12503, *5-6 (D. Or. 2001) (granting motion to dismiss for lack of subject matter

18  jurisdiction where suit sought determination of rights and obligations pertaining to parties'

19  divorce decree).

20      Martin and Dena Hulse's marital settlement agreement is part of their divorce

21  judgment.  The judgment specifically provides that "each attachment to this judgment is

22  incorporated into this judgment, and the parties are ordered to comply with each

23  attachment's provisions."  The judgment therefore makes the provisions of the settlement

24  agreement part of the court's order; it also specifically reserves jurisdiction to "make other

25  orders necessary to carry out this judgment."

26      The settlement agreement states that it will be attached to the judgment of

27  dissolution of marriage, and the court will be requested to do the following:  approve the

28  entire agreement as fair and equitable, "order the parties to comply with all of its executory

1  provisions", "merge the provisions relating to child custody and visitation, child support,

2  spousal support, future acts with respect to property division, and income tax returns, and

3  only those provisions, into the judgment," and "incorporate the remainder of the agreement

4  in the judgment for the sole purpose of identification".

5       Carol Hulse argues that this provision of the settlement agreement means that the

6  term life insurance provision is not subject to continuing judicial supervision, because the

7  amount of insurance coverage is unrelated to child support obligation and was not "merged

8  in a judgment" but was merely incorporated into the judgment for the sole purpose of

9  identification.  However, the settlement agreement merely states that the court will be

10 "requested" to take certain actions, like incorporating certain parts of the agreement for the

11 purpose of identification only.  There is no evidence that the parties ever requested that the

12 family court take any of the delineated actions, and there is no evidence that the family

13 court ever carried out any such request.  In any event, the judgment explicitly states that

14 the parties are ordered to comply with the settlement agreement's provisions, which include

15 that the "term life insurance policies on the parties shall be continued in force" with

16 "premiums to be paid by their respective holders" and providing that Brian Hulse shall be

17 the beneficiary with the "remaining parent as trustee during his minority."  The requirement

18 to make Brian Hulse the beneficiary was therefore part of the divorce judgment.  It is up to

19 the court that entered the family law divorce judgment and retained jurisdiction over it to

20 resolve any ambiguities regarding provisions of that settlement agreement.  See Csibi v.

21 Fustos, 670 F.2d 134, 138 (9th Cir. 1982) (where the primary issue concerns status of the

22 spouses, or of parent and child, jurisdiction must be denied); Schwarzer, Tashima &

23 Wagstaffe, Federal Civil Procedure Before Trial  (2006) § 2:433 (noting that if the action

24 would be decided in family law departments if filed in state court, jurisdiction should be

25 denied under primary issue test).

26      Finally, Dena Hulse and the other parties have all requested attorneys' fees.  The

27 court will not award attorneys' fees to Dena Hulse or to any other party.  Fees are

28

6

1    discretionary, and the court will not exercise its jurisdiction to award such fees, especially

2    given that the complaint is not being dismissed on the merits.

3    **C.      Remaining Motions**

4          Because this court has found that it lacks jurisdiction over this matter, it cannot

5    reach the merits of the case, including Carol Hulse's motion for summary judgment, which

6    is denied without prejudice to refiling in the proper court.

7          As for Valley Forge's motion for discharge of stakeholder, it appears that the court's

8    finding that it lacks subject matter jurisdiction to resolve the underlying issues relating to the

9    divorce judgment and settlement preclude it from deciding the motion for discharge, even

10   though that motion appears meritorious.  The court, therefore, plans to dismiss the motion

11   without prejudice to refiling it in the appropriate court.  However, the court will wait to enter

12   the order of dismissal on that motion and judgment for fifteen days, to permit Valley Forge

13   to submit authority that this court can exercise jurisdiction over the stakeholder fund in the

14   absence of jurisdiction over the underlying dispute.  If the court does not receive any such

15   briefing from Valley Forge within fifteen days, the court will deny Valley Forge's motion

16   without prejudice, enter judgment on the entire case, and direct the clerk to return the funds

17   to the stakeholder.

18                                              **CONCLUSION**

19         For the reasons stated above, the court GRANTS Dena Hulse's motion to dismiss,

20   and DENIES her request for attorneys' fees.  Carol Hulse's motion for summary judgment

21   is DENIED WITHOUT PREJUDICE to refiling the motion in the proper court.  The court

22   DEFERS ruling on Valley Forge's motion for discharge of stakeholder, but DENIES its

23   request for attorneys' fees.  The court FURTHER ORDERS that Valley Forge shall have

24   fifteen days from the date of this order to submit authority to this court that it can exercise

25   jurisdiction over the stakeholder fund.

26         **SO ORDERED**.

27   Dated:  July 6, 2007

28                                              _____
                                               PHYLLIS J. HAMILTON
                                               United States District Judge